IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

United States of America,

    Plaintiff,

v.

Susan A. Vonner,

    Defendant.

CIVIL ACTION FILE
NO. 4:09-CV-0090-HLM

## ORDER

This case is before the Court on Defendant's Motion to Deny Plaintiff's Request for Clerk of Court's Entry of Default and Judgment [6].

I.    **Background**

On June 11, 2009, Plaintiff United States of America (the "Government") filed this action. (Docket Entry No. 1.) The Government alleged that Defendant resides at 37 Narroway Church Circle, Dallas, Georgia. (Compl. ¶ 2.) The Government further alleged that Defendant applied for, executed, and delivered certain

AO 72A

promissory notes to obtain federally-guaranteed student loans. (Id. ¶ 3 & Ex. A.) According to the Government, the terms of the promissory notes required Defendant to repay the full indebtedness, including principal and interest, via monthly payments. (Id. ¶ 4 & Ex. A.) The Government alleges that Defendant defaulted on the payment of the promissory notes, and that the holders of the notes assigned all rights, title, and interest in the notes to the Government. (Id. ¶ 5.) According to the Government, Defendant is indebted to it on the promissory notes in the total sum of $27,223.43, including principal, administrative collection costs, and interest through February 17, 2009, plus costs and interest thereafter at the applicable note rate per annum through the date of entry of judgment, plus interest from the date of judgment at the current legal rate. (Id. ¶ 6 & Ex. A.) The Government further alleges that Defendant has failed to repay the amount due, despite a demand for payment. (Id. ¶ 7.)

The Government requested that Defendant waive service. (Docket Entry No. 2.)  Defendant signed a waiver of service of summons form that stated, in relevant part:

> I, Susan A. Vonner, acknowledge receipt of your request that I waive service of summons in the action of U.S. v. Susan A. Vonner which is case number 4:09-CV-90-HLM in the United States District Court for the Northern District of Georgia.
>
> I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.
>
> I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or any entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.
>
> I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.
>
> I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if

an answer or motion under Rule 12 is not served upon you within 60 days after 19 June 2009, or within 90 days after that date if the request was sent outside the United States.

(Docket Entry No. 3.)

On August 31, 2009, the Government filed a Motion for Clerk's Entry of Default and Default Judgment. (Docket Entry No. 4.) On September 1, 2009, the Clerk entered a default against Defendant. (Unnumbered Docket Entry Dated Sept. 1, 2009.) On September 15, 2009, the Clerk entered a default judgment in favor of the Government against Defendant. (Docket Entry No. 5.)

On that same day, Defendant filed a Motion to Deny Plaintiff's Request for Clerk of Court's Entry of Default and Judgment, in which Defendant contends that the student loans at issue in this case were discharged in a bankruptcy proceeding. (Docket Entry No. 6.) The Court construed that Motion as a Motion to Vacate the default judgment entered in this case, and directed the Government

4

to file a response to the Motion within ten days. (Order of Oct. 5, 2009.)

On October 16, 2009, the Government filed a response to the Motion, observing that federal student loans generally are non-dischargeable in bankruptcy, and that Defendant failed to show good cause or excusable neglect for failing to file an Answer in a timely fashion. (Docket Entry No. 8.) Defendant has filed a reply in support of her Motion, and the Court therefore finds that the Motion is ripe for resolution by the Court.

## II.  Discussion

As an initial matter, the Court must determine whether Federal Rule of Civil Procedure 55(c)'s good cause standard or Federal Rule of Civil Procedure 60(b)'s excusable neglect standard governs Defendant's Motion. Rule 55(c) provides that the Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Rule 55(c)'s "good cause" requirement establishes a lower

threshold to obtain relief from the entry of default than that required under Rule 60(b) to set aside a default judgment. E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990); Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988).

Whether a defendant has demonstrated "good cause" to obtain relief from an entry of default depends on the circumstances and is "not susceptible to a precise formula." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Courts, however, often consider factors such as whether the defaulting party presented a meritorious defense, whether the defaulting party acted promptly to correct the default, whether the defaulting party acted willfully or displayed a reckless disregard for judicial proceedings, or whether setting aside the default would prejudice the opposing party. Id. Those considerations are not exclusive; instead, courts are free to examine other useful factors to identify circumstances

that may warrant a finding of "good cause." Id. The determination whether a defaulting party has established "good cause" to set aside an entry of default is committed to the discretion of the district court. Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984). The Court concludes that, because the Clerk already had entered a default judgment against Defendant when Defendant filed her Motion, Rule 60(b)'s excusable neglect standard applies here.

Where, as here, the Court has entered a default judgment, a plaintiff must satisfy Rule 60(b)'s excusable neglect requirement to set aside the default judgment. Rule 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In this Circuit, courts use a four-factor test to determine whether excusable neglect exists. Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 997 (11th Cir. 1997) (citing Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). The Court must consider "the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including

whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 997-98 ("[D]espite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, [courts] have focused on the third factor: 'the reason for the delay, including whether it was within the reasonable control of the movant.'"); Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quoting Pioneer Inv. Servs., 507 U.S. at 395).

To be excusable, "neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules." North v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005). Excusable neglect does not include "ignorance or carelessness on the part of an attorney," and also does not include "the failure to follow the clear dictates of a court rule." Id.

Here, Defendant offers no excuse or explanation for her failure to file an Answer in a timely fashion. Given those circumstances, Defendant cannot satisfy either Rule 55(c)'s good cause standard or Rule 60(b)'s excusable neglect standard. Defendant thus is not entitled to an Order setting aside either the default or the default judgment in this case.

In both her initial Motion and her reply, Defendant asserts that the promissory notes at issue were discharged in her 1992 bankruptcy proceeding. For the following reasons, however, the Court cannot conclude that the promissory notes were discharged in Defendant's previous bankruptcy proceeding.

The current version of 11 U.S.C.A. § 523(a)(8), provides that federal, federally-insured, or federally-guaranteed student loans generally are presumed to be non-dischargeable in bankruptcy, and that discharge in bankruptcy is permitted only if the debtor shows that repayment would "impose an undue hardship on the debtor

10

and the debtor's dependents." 11 U.S.C.A. § 523(a)(8) (2009). The version of § 523(a)(8) that was in effect when Defendant filed her bankruptcy petition provided that such obligations were dischargeable only if those obligations "first became due more than 7 years (exclusive of any applicable suspension of the repayment period)" before Defendant filed her bankruptcy petition, or Defendant demonstrated that excepting those obligations from discharge would "impose an undue hardship on" Defendant and her dependents. Id. (1992). The documents presented by Defendant in support of her Motion consist of an incomplete copy of Defendant's bankruptcy discharge and Defendant's initial bankruptcy petition. (Docket Entry No. 6 Ex. A.) Contrary to Defendant's arguments, those documents do not indicate whether the bankruptcy court actually approved the discharge of the promissory notes at issue, or whether the bankruptcy court concluded that Defendant qualified for discharge of the notes under

11

§ 523(a)(8). Absent more evidence, the Court simply cannot find that the promissory notes were discharged in Defendant's previous bankruptcy proceeding.

In sum, the Court concludes that Defendant has failed to satisfy either Rule 55(c)'s good cause standard or Rule 60(b)'s excusable neglect standard, and that Defendant has not demonstrated that the promissory notes at issue were discharged in her previous bankruptcy proceeding. The Court therefore denies Defendant's Motion to Deny Plaintiff's Request for Clerk of Court's Entry of Default and Judgment.

AO 72A

## III. Conclusion

ACCORDINGLY, the Court **DENIES** Defendant's Motion to Deny Plaintiff's Request for Clerk of Court's Entry of Default and Judgment [6].

IT IS SO ORDERED, this the 3rd day of November, 2009.

_____
UNITED STATES DISTRICT JUDGE

AO 72A